IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY, </br></br> Plaintiffs, </br></br> vs. </br></br> ANOVA FOOD, LLC, </br></br> Defendant. </br>_____ </br></br> ANOVA FOOD, LLC, </br></br> Counter-Claimant, </br></br> vs. </br></br> THE HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY, </br></br> Counter-Defendants. </br>_____ | Civ. No. 14-00281 HG-RLP |

**ORDER DENYING COUNTER-CLAIMANT ANOVA FOOD, LLC'S BAD FAITH CLAIM**

Plaintiffs/Counter-Defendants The Hanover Insurance Company and Massachusetts Bay Insurance Company ("Hanover Companies") filed a declaratory judgment relating to insurance policies issued to Defendant/Counter-Claimant Anova Food, LLC ("Anova LLC").

1

Anova LLC filed a Counterclaim against the Hanover Companies relating to the insurance contracts at issue.

The Court has issued two orders on the Parties' Motions for Summary Judgment.

First, the Court ruled that the Hanover Companies owed Anova LLC a duty to defend in the underlying litigation against it in the United States District Court for the District of Hawaii, <u>Kowalski v. Anova Food, LLC, et al.</u>, Civ. No. 11-00795HG-RLP ("Underlying Lawsuit").

Second, the Court found that the Underlying Lawsuit contained patent infringement claims that were not covered by the insurance policies at issue.  The Court held that the Underlying Lawsuit also contained personal and advertising injury claims that were covered by the insurance policies.  The Court ruled that neither party was able to recover the money they contributed the settlement of the Underlying Lawsuit.

There are two remaining issues in this case.  First is Anova Food, LLC's Counterclaim against the Hanover Companies for bad faith.  Second is the Parties' dispute as to the attorneys' fees owed to the Zobrist law firm.  This Order addresses Anova Food, LLC's Counterclaim for bad faith.  The attorneys' fees issue will be addressed in a separate order.

Anova Food, LLC's Counterclaim for bad faith is **DENIED.**

## **PROCEDURAL HISTORY**

On June 19, 2014, the Hanover Companies filed a Complaint. (ECF No. 1).

On October 2, 2014, Anova LLC and Anova Food, Inc. filed an Answer and Counterclaim. (ECF No. 14).

On May 29, 2015, the Hanover Insurance Companies filed a First Amended Complaint. (ECF No. 39).

On June 12, 2015, Anova LLC filed a Counterclaim in Response to the First Amended Complaint. (ECF No. 40-1).

On March 24, 2016, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT/COUNTERCLAIMANT ANOVA FOOD, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT. (ECF No. 113).

On June 29, 2016, the Court issued an ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT ANOVA FOOD, INC. AND DENYING PLAINTIFFS THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT ANOVA FOOD, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT. (ECF No. 151).

On July 15, 2016, the Parties submitted a letter requesting that they be allowed to file briefs regarding Counter-Claimant Anova Food, LLC's bad faith claim. (ECF No. 172).

On the same date, the Court issued a Minute Order granting the Parties' request to decide the bad faith claim on the briefs. (ECF No. 173).

On July 28, 2016, Anova Food, LLC filed its brief regarding its claim for bad faith. (ECF No. 177).

On August 10, 2016, the Hanover Insurance Companies filed their brief regarding the bad faith claim. (ECF No. 185).

On August 31, 2016, the Court issued a Minute Order Denying the Hanover Companies' Motion for Reconsideration of the Court's June 29, 2016 Order. (ECF No. 187).

## BACKGROUND

Defendant/Counter-Claimant Anova Food, LLC ("Anova LLC") was covered by Plaintiffs/Counter-Defendants the Hanover Insurance Company and Massachusetts Bay Insurance Company's ("the Hanover Companies") four commercial liability insurance policies that were in effect between July 1, 2010 and July 11, 2014. (See Insurance Policies attached as Exs. B, C, D to Pla.'s First Amended Complaint, ECF Nos. 39-2—6).

**THE UNDERLYING LAWSUIT**

On December 29, 2011, the Underlying Lawsuit, William R. Kowalski; Hawaii International Seafood, Inc. v. Anova Food, LLC;

Anova Food, Inc., et al., Civ. No. 11-00795HG-RLP, was filed against Anova LLC.

The Hanover Companies provided Anova LLC with a defense in the Underlying Lawsuit.

On March 3, 2015, a settlement of the Underlying Lawsuit was held on the record.  (Kowalski v. Anova Food, LLC, et al., 11-cv-00795HG-RLP, Minutes of Settlement on the Record dated March 3, 2015, ECF No. 633).  Anova LLC and the Kowalski Plaintiffs entered into a written Settlement Agreement and Release.  (March 2015 Settlement Agreement and Release, attached as Ex. 9 to Zobrist Decl., ECF No. 75-9).

The Hanover Companies and Anova LLC agreed to contribute equally to the settlement amount contained in the March 2015 Settlement Agreement and Release.  (Letter from the Hanover Companies to Anova LLC dated April 1, 2015, Re: March 2015 Settlement, attached as Ex. 1 to Declaration of Skyler Cruz ("Cruz Decl.), ECF No. 98-1).

On April 23, 2015, the District Court issued a Stipulation and Order for Dismissal with Prejudice as to all claims and parties in the Underlying Lawsuit.  (Kowalski v. Anova Food, LLC, et al., 11-cv-00795HG-RLP, Stipulation For Dismissal With Prejudice as to All Claims and Parties, ECF No. 635).

Anova LLC claims that the Hanover Companies engaged in bad faith by refusing to pay for the entire settlement of the Underlying Lawsuit.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of

law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v.

Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Bad Faith is asserted by Anova LLC in its Counterclaim against the Hanover Companies. The Parties agreed to determine Anova LLC's bad faith claim on the briefs as there are no disputed facts.

**I.    Bad Faith Pursuant to Florida Insurance Law**

The Supreme Court of Florida has explained that a bad faith claim exists in Florida insurance law. An insurer handling claims against its insured has a duty to use the same degree of care and diligence as a person of ordinary care and prudence would exercise in the management of his own business. Berges v. Infinity Ins. Co., 896 So.2d 665, 672-73 (Fla. 2004).

The duty of care includes an obligation to settle where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so. Boston Old Colony Ins. Co. v.

Gutierrez, 386 So.2d 783, 785 (Fla. 1980).  Breach of this duty may give rise to a cause of action for bad faith against the insurer.  Id.  The insured who undertakes the defense of a claim pursuant to an indemnity policy has the same obligations regarding settlement.  Perera v. U.S. Fidelity and Guar. Co., 35 So.3d 893, 899 (Fla. 2010).

Pursuant to Florida law, there are two types of bad faith claims brought against an insurer: a first-party bad faith claim and a third-party bad faith claim.  A first-party bad faith claim is brought by an insured against its insurer for alleged bad faith in settlement of its own claim.  Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263, 266 (Fla. Dist. Ct. App. 1987).  A first-party bad faith claim is not found at common law and is permitted pursuant to Florida statute, Fla. Stat. § 624.155(1)(b).  Id.

Anova LLC concedes that it did not bring a first-party bad faith claim as it did not comply with the required Florida statute for bringing such a claim.  Talat Enters., Inc. v. Aetna Cas. And Sur. Co., 753 So.2d 1278, 1283-84 (Fla. 2000) (finding Fla. Stat. § 624.155 is the exclusive remedy for first-party bad faith claims, but such claims are barred unless written notice is provided to the Florida Department of Insurance and to the insurer as conditions precedent to filing an action, Fla. Stat. § 624.155(3)).

**II.  THIRD-PARTY BAD FAITH CLAIM**

Anova LLC asserts that it has brought a third-party bad faith cause of action.

A typical third-party bad faith claim seeks to remedy a situation where a third-party sued the insured and the insured is exposed to an excess judgment because of the insurer's failure to properly or promptly defend the claim.  Marcola v. Gov't Emps. Ins. Co., 953 So.2d 451, 455 (Fla. 2006).

An excess judgment, however, is not necessarily a prerequisite to a third-party bad faith action.  The Florida Supreme Court explained in Perera that there are three situations where an excess judgment is not required:

(1) "Cunningham agreements" in which an insurer and a third-party claimant stipulate that bad faith issues will be resolved before a settlement is reached;

(2) Settlement agreements entered into between the insured and the third-party claimant where the insurer refused to defend the insured, leaving the insured "to its own devices"; and,

(3) Claims brought by an excess carrier against a primary insurer by virtue of equitable subrogation where the primary insurer has not acted in good faith.

Perera, 35 So.3d at 899-901.

Here, the Underlying Lawsuit was settled and there was no excess judgment entered against Anova LLC that would form the basis of a typical third-party bad faith claim.  Perera, 35 So.3d at 904; Marcola, 953 So.2d at 458.

None of the three exceptions to the requirement that the insured incur an excess judgment apply in this case.

First, the Parties did not agree to have the bad faith claims decided before they entered into the March 2015 Settlement Agreement and Release in the Underlying Lawsuit.

Second, the Hanover Companies did not refuse to defend Anova LLC, but they provided counsel following Anova LLC's request for the Hanover Companies to tender a defense.

Third, this case does not involve an excess carrier bringing a claim against the primary insurer.

Anova LLC relies on <u>North American Van Lines, Inc. v. Lexington Ins. Co.</u>, 678 So.2d 1325, 1327 (Fla. Dist. Ct. App. 1996) in its brief.  <u>North American Van Lines</u> involved an insured who was forced to fund its own defense because of the terms of the policies issued by both its primary and excess insurers.  <u>Id.</u>  The insured repeatedly requested that its insurance carriers settle the claims against it.  The primary insurer delayed causing increased attorneys' fees, and the excess insurance company refused to settle.  <u>Id.</u> at 1328.  The insured settled the underlying litigation in an amount in excess of its primary insurance policy while incurring additional attorneys' fees.  <u>Id.</u> at 1328.  The insured filed suit against both its insurers for failing to settle on its behalf in bad faith.  <u>Id.</u> at 1332-33.

The facts here are almost entirely inapposite.  The Hanover Companies provided a defense to Anova LLC.  The Hanover Companies negotiated with Anova LLC during attempts to settle the Underlying Lawsuit.  Both the Hanover Companies and Anova LLC agreed to each contribute half of the amount to the settlement.  The case did not settle in excess of the Hanover Companies' insurance policies.  Anova LLC's reliance on North American Van Lines is misplaced.

Anova LLC has not demonstrated that the Hanover Companies' acted in bad faith when the Parties each agreed to pay for half of the settlement of the Underlying Lawsuit.  Anova LLC has not provided any evidence that it was "forced" to contribute to the settlement as a result of the Hanover Companies' bad faith.  To the contrary, the undisputed evidence demonstrates that in March 2015, the Hanover Companies and Anova LLC each agreed to contribute the same amount of money to settle the claims against Anova LLC.  (Letter from the Hanover Companies to Anova LLC dated April 1, 2015, Re: March 2015 Settlement, attached as Ex. 1 to Cruz Decl., ECF No. 98-1).  The Parties agreed that their contributions were subject to a reservation of their rights to seek reimbursement.  (Id.)

Anova LLC has not demonstrated that the Hanover Companies acted in bad faith in contributing half of the settlement amount.  The Court ruled that the Underlying Lawsuit contained both

covered and non-covered claims against Anova LLC.  The patent infringement claims made in the Underlying Lawsuit were not covered by the policies.  The personal and advertising injury claims were covered pursuant to the policies' definition of "personal and advertising injury."

Anova LLC has not demonstrated any causal connection between the actions of the Hanover Companies and any damages it incurred in the settlement of the Underlying Lawsuit.  <u>Messinese v. USAA Cas. Inc. Co.</u>, 622 Fed. Appx. 835, 838-840 (11th Cir. 2015) (a valid bad-faith claim must show a causal connection between the damages claimed and the insurer's purported bad faith).

## **CONCLUSION**

Anova Food, LLC's Counterclaim for bad faith is **DENIED**.

IT IS SO ORDERED.

DATED: October 21, 2016, Honolulu, Hawaii.



_____
Helen Gillmor
United States District Judge

<u>The Hanover Insurance Company; Massachusetts Bay Insurance Company v. Anova Food, LLC; Counterclaimant Anova Food, LLC v. Counter-Defendants The Hanover Insurance Company; Massachusetts Bay Insurance Company</u>; Civ. No. 14-00281HG-RLP; **ORDER DENYING COUNTER-CLAIMANT ANOVA FOOD, LLC'S BAD FAITH CLAIM**