IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) ) | Civ. No. 14-00281 HG-RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ANOVA FOOD, LLC, | ) ) | |
| Defendant. | ) ) ) | |
| | ) | |
| ANOVA FOOD, LLC, | ) ) | |
| Counter-Claimant, | ) ) ) | |
| vs. | ) ) | |
| THE HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) ) | |
| Counter-Defendants. | ) ) ) ) | |

**ORDER ON REMAINING ISSUES REGARDING THE ZOBRIST LAW FIRM'S ATTORNEYS' FEES**

The Court previously ruled that the Hanover Companies are required to pay reasonable attorneys' fees incurred by the Zobrist Law Firm in defending Anova Food, LLC between October 12, 2012 and December 10, 2013 in the Underlying Lawsuit filed in the

1

United States District Court for the District of Hawaii, <u>Kowalski v. Anova Food, LLC, et al.</u>, Civ. No. 11-00795HG-RLP.

The Court previously ordered the Parties to provide additional briefing as to their on-going dispute as to the attorneys' fees owed to the Zobrist Law Firm.  The briefing left many unanswered questions.  Further briefing is required.

## <u>BACKGROUND</u>

Defendant/Counter-Claimant Anova Food, LLC ("Anova LLC") was covered by Plaintiffs/Counter-Defendants the Hanover Insurance Company and Massachusetts Bay Insurance Company's ("the Hanover Companies") four commercial liability insurance policies that were in effect between July 1, 2010 and July 11, 2014.  (<u>See</u> Insurance Policies attached as Exs. B, C, D to Pla.'s First Amended Complaint, ECF Nos. 39-2—6).

**THE UNDERLYING LAWSUIT**

On December 29, 2011, the Underlying Lawsuit, <u>William R. Kowalski; Hawaii International Seafood, Inc. v. Anova Food, LLC; Anova Food, Inc., et al.</u>, Civ. No. 11-00795HG-RLP, was filed against Anova LLC.

On October 12, 2012, Anova LLC requested the Hanover Companies provide it a defense to the Underlying Suit pursuant to

the relevant insurance policies.  (Declaration of Darren Zobrist ("Zobrist Decl.") at ¶ 6, ECF No. 75).

On December 13, 2012, the Hanover Companies agreed to provide a defense to Anova LLC pursuant to a reservation of rights, as long as Anova LLC's attorneys agreed to "comply with Hanover's Litigation Guidelines."  (Letter from Hanover Regional Liability Adjuster Stephen E. Colville, dated December 13, 2012, ECF No. 75-4).

Anova LLC agreed to have the Hanover Companies defend it in the Underlying Lawsuit.  At that point, Anova LLC was represented by both Attorney Gary Grimmer and the Zobrist law firm.  (Zobrist Decl. at ¶¶ 5-6, ECF No. 75; Declaration of Craig E. Marshall, member of the Zobrist Law Group, ("Marshall Decl.) at ¶¶ 6-8, ECF No. 104; Letter from Hanover Regional Liability Adjuster Stephen E. Colville, dated December 10, 2013, to counsel for Anova LLC at pp. 4-5, ECF No. 75-5).

The Court ruled in its June 29, 2016 Order that Anova LLC is entitled to reasonable attorneys' fees incurred by the Zobrist law firm between October 12, 2012 until December 10, 2013.  (June 29, 2016 Order Denying the Hanover Companies' Motion for Summary Judgment and Granting, In Part, and Denying, In Part, Anova LLC's Motion for Partial Summary Judgment at pp. 49-55, ECF No. 151).

The Court held that the Hanover Companies are required to pay the reasonable attorneys' fees incurred by the Zobrist law

firm starting from October 12, 2012, which was the date when Anova LLC requested a defense from the Hanover Companies. (Id. at p. 55). The Court held that the Hanover Companies were required to pay the attorneys' fees for the Zobrist law firm until December 10, 2013, which was the date the Hanover Companies decided to provide different counsel to Anova LLC in the Underlying Lawsuit. (Id.)

Anova LLC claims that the Hanover Companies have not paid the Zobrist Law Firm's reasonable attorneys' fees. Anova LLC claims that it submitted bills to the Hanover Companies for fees incurred by the Zobrist Law Firm in the amount of $699,778, for which the Hanover Companies paid only $284,624, leaving a balance owed of $385,153.

The Hanover Companies assert that their billing guidelines are the basis for how attorneys fees should be calculated. The Hanover Companies assert that they already paid $284,624 to the Zobrist Law Firm and that no balance is owed because the remaining fees billed did not comply with their billing guidelines and were unreasonable.

## STANDARD OF REVIEW

The Supreme Court of Florida has found that the federal lodestar approach provides an objective structure to determine reasonable attorney fees. Florida Patient's Compensation Fund v.

4

<u>Rowe</u>, 472 So.2d 1145, 1149-50 (Fla. 1985).  Pursuant to Florida law, courts determine reasonable attorney fees by analyzing the following criteria:

(1)   The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;

(2)   The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)   The fee customarily charged in the locality for similar legal services;

(4)   The amount involved and the results obtained;

(5)   The time limitations imposed by the client or by the circumstances;

(6)   The nature and length of the professional relationship with the client;

(7)   The experience, reputation, and ability of the lawyer or lawyers performing the services; and,

(8)   Whether the fee is fixed or contingent.[1]

<u>Rowe</u>, 472 So. at 1150 (citing Rule 2-106(b) of the Florida Bar Code of Professional Responsibility).

The party seeking attorneys' fees must present records detailing the amount of work performed to determine the reasonable hours expended, which is multiplied by a reasonable

---

[1] Cases involving public policy enforcement such as discrimination cases, environmental protection, and consumer protection cases apply twelve factors in evaluating reasonable attorneys fees pursuant to Florida law.  <u>Standard Guar. Ins. Co. V. Quanstrom</u>, 555 So.2d 828, 834 (Fla. 1990) (citing <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714 (5th Cir. 1974)).

hourly rate to determine the lodestar.  Id.; Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 833-34 (Fla. 1990).  Once the court arrives at the lodestar figure, it may add or subtract from the fee based upon a contingency risk factor and the results obtained.  Rowe, 472 So.2d at 1151.

The lodestar method is used to compute reasonable attorneys' fees pursuant to various Florida statutory provisions, but it is also used to calculate reasonable attorneys' fee awards pursuant to the parties' contractual agreement.  Moore v. State Farm Mut. Auto. Ins. Co., 916 So.2d 871, 877 (Fla. Dist. Ct. App. 2005).

When the agreement regarding payment of attorney fees does not provide for a specific fee amount or percentage of recovery, but rather states that the fee will be a reasonable amount, it is up to the court to determine the reasonable amount of the fee. Id. at 878-79.  The court determines the reasonable fee amount pursuant to the Florida Supreme Court's holding in Rowe and its progeny.  Id.

## ANALYSIS

I.   **The Hanover Companies' Defense Counsel Guidelines and the Lodestar Method Control the Award of Attorneys' Fees to the Zobrist Law Firm**

Pursuant to Florida law, an insured who has accepted a defense provided by its insurer is bound by the terms on which the insurer's offer to pay for the defense was tendered.  Colony

Ins. Co. v. G & E Tires & Serv., Inc., 777 So.2d 1034, 1039 (Fla. Dist. Ct. App. 2000).

The undisputed evidence demonstrates that Anova LLC accepted the defense offered by the Hanover Companies. On December 13, 2012, the Hanover Companies sent a letter to Anova LLC informing it that they agreed to defend it in the Underlying Lawsuit if its counsel would "agree to comply with Hanover's Litigation Guidelines." (Letter from Hanover Regional Liability Adjuster Stephen E. Colville, dated December 13, 2012, ECF No. 75-4). Anova LLC accepted the defense provided by the Hanover Companies and was bound by the terms of the defense they offered, including the term that its counsel would comply with the Hanover Companies' Litigation Guidelines. Colony Ins. Co., 777 So.2d at 1038-39.

The Hanover Companies provided Anova LLC with their Defense Counsel Guidelines that were effective September 1, 2009. (The Hanover Companies' Defense Counsel Guidelines, attached as Ex. A to Hanover's Memo. Regarding Attorneys' Fees, ECF No. 185-2).

The Zobrist law firm, which was retained to defend Anova LLC in the Underlying Lawsuit, was bound to provide its billing in a manner consistent with the Hanover Companies' billing guidelines. Cone Bros. Contracting Co. v. Ashland-Warren, Inc., 458 So.2d 851, 854, 856 (Fla. Dist. Ct. App. 1984) (finding the clear and unambiguous terms of the contract controlled the award of

attorneys' fees to the insured); see Fortenberry Professional Bldg. v. Zecman, 581 So.2d 972, 973 (Fla. Dist. Ct. App. 1991).

The Hanover Companies' Litigation Guidelines contained a section on Billing.  The Billing section set forth the procedures for the Zobrist law firm to bill for its services.  The terms of the Guidelines provided that the Hanover Companies would pay for "reasonable and necessary fees."  (The Hanover Companies' Defense Counsel Guidelines, attached as Ex. A to Hanover's Memo. Regarding Attorneys' Fees, ECF No. 185-2 at p. 9).

The lodestar method is used to determine the "reasonable and necessary fees" that are provided for in the Parties' agreement. Moore, 916 So.2d at 877.

## II.   The Hanover Companies Are Required to Pay Reasonable Attorneys' Fees Incurred by the Zobrist Law Firm Between October 12, 2012 and December 10, 2013.

The Court ruled in its Orders on the Parties' Motions for Summary Judgment (ECF Nos. 113, 151) that the period of time for which the Zobrist Law Firm is entitled to attorneys' fees is from October 12, 2012 to December 10, 2013.

The Hanover Companies owe the Zobrist law firm all reasonable attorneys' fees incurred by the Zobrist law firm from October 12, 2012 to December 10, 2013.

In its March 24, 2016 Order, the Court ruled that Anova LLC is not entitled to attorneys' fees for the Zobrist law firm that

were incurred before Anova LLC requested a defense from the Hanover Companies on October 12, 2012.  (March 24, 2016 Order Granting, In Part, and Denying, In Part, Anova LLC's Partial Motion for Summary Judgment at p. 37, ECF No. 113).

In its June 29, 2016 Order, the Court ruled that the Zobrist law firm was not entitled to attorneys' fees incurred after December 10, 2013, because on December 10, 2013 the Hanover Companies informed Anova LLC that it would be providing different counsel to defend it in the Underlying Lawsuit.  (Order Denying the Hanover Companies' Motion for Summary Judgment and Granting, In Part, and Denying, In Part, Anova LLC's Motion for Partial Summary Judgment at p. 55, ECF No. 151).

Anova LLC asserts in its briefing that the Zobrist law firm is entitled to attorneys' fees after December 10, 2013 because the firm did not withdraw as counsel until December 27, 2013. (Anova LLC's Brief at p. 5, ECF No. 177).

Contrary to Anova LLC's arguments, the Court has already clearly ruled on the dates that the Zobrist law firm is entitled to attorneys' fees.  The Zobrist law firm is not entitled to attorneys' fees incurred before October 12, 2012, or after December 10, 2013.

### III. Additional Briefing Is Required as to the Objections Raised by the Hanover Companies as to the Reasonableness of the Zobrist Law Firm's Attorneys' Fees

The Hanover Companies attached 212 pages of billing records that they claim contain categories of unreasonable billing practices by the Zobrist Law Firm including billing for administrative tasks, block billing, and work not related to the defense of the case.  (The Hanover Companies' Statement as to Remaining Issues and Ex. A, Bill Analysis Reports, ECF Nos. 154, 154-1).

The Hanover Companies have not provided a legal basis or sufficient factual information for hundreds of the billing entries that they challenge.  The Hanover Companies have not set forth their objections to the invoices with any particularity.  Instead, the Hanover Companies generally assert that the invoices are unreasonable and request that the Court comb through the more than 200 pages of records to evaluate which bills are unreasonable.

The Hanover Companies have generalized a number of objections in their Memorandum and stated that "the $284,624.71 that they already paid to the Zobrist firm represents the fair and reasonable amount for the defense of the insured during that time."  (The Hanover Companies' Memorandum in Support of Remaining Issues Regarding the Zobrist Attorneys' Fees at p. 15, ECF No. 185).

10

## FILINGS REQUIRED

The Hanover Companies shall file an accounting, consistent with the following:

A.   The Hanover Companies shall file an accounting that connects the amounts they paid to the Zobrist law firm for fees incurred between October 12, 2012 and December 10, 2013 to the Zobrist law firm billing records;

B.   The Hanover Companies' accounting shall identify the remaining unpaid charges from the Zobrist law firm and the basis of Hanover's objections to paying them;

C.   For the Hanover Companies' objections to the <u>manner of billing</u>, they shall indicate how the item fails to conform to their billing requirements;

D.   Objections to the <u>reasonableness</u> of the Zobrist law firm's billings shall indicate with particularity each item objected to and argument as to how it is unreasonable.

The Court will rule on all of the Hanover Companies' objections that are set forth in conformity with this Order. Failure to provide information and support for the objection will be construed as a waiver of objection and the Court shall find the previously objected to amount due and payable.

The Zobrist law firm shall respond with an accounting of the unpaid portions of its billing.  The accounting shall address

11

each objection raised as to the billing practices and reasonableness.

## CONCLUSION

The Hanover Companies shall file their accounting as required by Section III of this Order on or before Monday, November 28, 2016.

The Zobrist law firm shall file its Response on or before Wednesday, December 28, 2016.

The Hanover Companies may file a Reply on or before Tuesday, January 17, 2017.

IT IS SO ORDERED.

DATED: October 24, 2016, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

The Hanover Insurance Company; Massachusetts Bay Insurance Company v. Anova Food, LLC; Counterclaimant Anova Food, LLC v. Counter-Defendants The Hanover Insurance Company; Massachusetts Bay Insurance Company; Civ. No. 14-00281HG-RLP; **ORDER ON REMAINING ISSUES REGARDING THE ZOBRIST LAW FIRM'S ATTORNEYS' FEES**