IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ANOVA FOOD, LLC, | ) ) |
| Defendant. | ) ) |
| ——————————————— | ) ) |
| | ) |
| ANOVA FOOD, LLC, | ) ) |
| Counter- Claimant, | ) ) ) |
| vs. | ) ) |
| THE HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) ) |
| | ) |
| Counter- Defendants. | ) ) ) |
| ——————————————— | ) |

Civ. No. 14-00281 HG-RLP

**ORDER AWARDING ATTORNEYS' FEES INCURRED IN DEFENSE OF ANOVA FOOD, LLC**

The Hanover Companies entered into an insurance contract that required them to defend Anova Food, LLC in an Underlying Lawsuit, <u>Kowalski v. Anova Food, LLC, et al.</u>, Civ. No. 11-00795HG-RLP.

The Court has already issued three written orders finding

that the Hanover Companies are required to pay reasonable attorneys' fees for defending Anova Food, LLC in the Underlying Lawsuit.

The Hanover Companies are responsible for the Zobrist Law Firm's attorneys' fees between October 12, 2012 and December 10, 2013.

The Court has requested briefing on three separate occasions with respect to the outstanding attorneys' fees owed. The Parties agree that $284,624.72 in attorneys' fees have already been paid.

The Court **FINDS** that the Hanover Companies owe an additional **$250,971.41** in attorneys' fees for the defense of Anova Food, LLC in the Underlying Lawsuit.

## PROCEDURAL HISTORY

On June 19, 2014, the Hanover Companies filed a Complaint. (ECF No. 1).

On May 29, 2015, the Hanover Insurance Companies filed a First Amended Complaint. (ECF No. 39).

On March 24, 2016, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT/COUNTERCLAIMANT ANOVA FOOD, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT. (ECF No. 113).

On June 23, 2016, the Court held a hearing on the Parties' Motions for Summary Judgment. (ECF No. 148). At the hearing,

2

the Court instructed the Hanover Companies to file a Statement as to any remaining issues regarding the attorneys' fees owed to the Zobrist Law Firm.  (Id.)

On June 29, 2016, the Court issued an ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT ANOVA FOOD, INC. AND DENYING PLAINTIFFS THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT ANOVA FOOD, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT.  (ECF No. 151).

On June 30, 2016, the Hanover Companies filed PLAINTIFFS THE HANOVER COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY'S STATEMENT AS TO REMAINING ISSUES REGARDING THE ZOBRIST ATTORNEYS' FEES.  (ECF No. 154).

On July 14, 2016, the Court issued a Minute Order instructing Defendant Anova Food, LLC to respond to Plaintiff's Statement as to the Zobrist Law Firm's Attorneys' Fees.  (ECF No. 171).

On July 28, 2016, Anova Food, LLC filed a TRIAL MEMORANDUM IN SUPPORT OF THE REASONABLENESS OF ZOBRIST LAW'S ATTORNEYS' FEES.  (ECF No. 177).

On August 10, 2016, the Hanover Companies submitted its TRIAL MEMORANDUM IN SUPPORT OF THEIR STATEMENT AS TO REMAINING ISSUES REGARDING THE ZOBRIST ATTORNEYS' FEES.  (ECF No. 185).

On August 31, 2016, the Court issued a Minute Order denying

Anova Food, LLC's Motion for Reconsideration.  (ECF No. 187).

On October 21, 2016, the Court issued an ORDER DENYING COUNTER-CLAIMANT ANOVA FOOD, LLC'S BAD FAITH CLAIM.  (ECF No. 188).

On October 24, 2016, the Court issued an ORDER ON REMAINING ISSUES REGARDING THE ZOBRIST LAW FIRM'S ATTORNEYS' FEES.  (ECF No. 189).

On November 28, 2016, the Hanover Companies filed PLAINTIFFS THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY'S ACCOUNTING.  (ECF Nos. 190-213).

On December 28, 2016, Anova Food, LLC filed its RESPONSE TO THE HANVOER COMPANIES' ACCOUNTING.  (ECF No. 214).

On January 4, 2017, Anova Food, LLC filed a MOTION FOR EXTENSION OF TIME AND RESPONSE TO PLAINTIFFS-COUNTERCLAIM DEFENDANTS THE HANOVER COMPANIES' ACCOUNTING.  (ECF No. 215).

On January 11, 2017, the Court issued a Minute Order granting Anova Food, LLC's Motion for Extension and considered its Response.  (ECF No. 217).  The Court also allowed the Hanover Companies additional time to file its Reply.  (Id.)

On January 31, 2017, the Hanover Companies filed their Reply.  (ECF No. 218).

## BACKGROUND

Defendant/Counter-Claimant Anova Food, LLC ("Anova LLC") was covered by Plaintiffs/Counter-Defendants the Hanover Insurance

Company and Massachusetts Bay Insurance Company's ("the Hanover Companies") four commercial liability insurance policies that were in effect between July 1, 2010 and July 11, 2014. (See Insurance Policies attached as Exs. B, C, D to Pla.'s First Amended Complaint, ECF Nos. 39-2—6).

Anova LLC incurred attorneys' fees from the Zobrist Law Firm as a result of the Underlying Lawsuit filed against it in Kowalski v. Anova Food, LLC, et al., Civ. No. 11-00795HG-RLP.

On March 24, 2016, the Court ruled that the Hanover Companies had a duty to defend Anova LLC in the Underlying Lawsuit. (March 24, 2016 Order Granting, In Part, and Denying, In Part, Defendant/Counter-Claimant Anova Food, LLC's Motion for Partial Summary Judgment at pp. 26-30, ECF No. 113).

Due to the conflict in the evidence before the Court, there was no ruling as to the time period for which reasonable attorneys' fees were owed in the March 24, 2016 Order. (Id. at pp. 40-41).

The Parties filed additional summary judgment motions that addressed the time period for which outstanding attorneys' fees were owed.

On June 29, 2016, the Court issued an Order on the Parties' Motions for Summary Judgment and ruled that Anova LLC is entitled to reasonable attorneys' fees incurred by the Zobrist Law Firm from October 12, 2012 to December 10, 2013. (June 29, 2016 Order

Denying the Hanover Companies' Motion for Summary Judgment and Granting, In Part, and Denying, In Part, Anova LLC's Motion for Partial Summary Judgment at pp. 49-55, ECF No. 151).

The Parties disputed the amount of attorneys' fees that were "reasonable" for the period between October 12, 2012 and December 10, 2013. The Parties filed additional briefing as to the "reasonableness" of any additional attorneys' fees.

On October 24, 2016, the Court issued another written order, entitled, "Order on Remaining Issues Regarding the Zobrist Law Firm's Attorneys' Fees." The Court set forth the standard for awarding attorneys' fees and ordered additional briefing from the Parties. (October 24, 2016 Order on Remaining Issues Regarding the Zobrist Law Firm's Attorneys' Fees, ECF No. 189).

The Parties filed the additional briefing requested.

**Outstanding Balance of Attorneys' Fees Owed**

The Zobrist Law Firm submitted five separate invoices to the Hanover Companies totaling $669,778.17 in billings for attorneys' fees. (See Billing Invoices attached as Ex. E to Pla.'s Accounting, ECF No. 191-1—6).

The Zobrist Law Firm was paid $284,624.72[1] out of the $669,778.17 in attorneys' fees it billed. (See Payment Receipts

---

[1] The Parties agree that the Hanover Companies paid $206,204.76 and OneBeacon Insurance paid $78,419.96 in fees to the Zobrist Law Firm for a total of $284,624.72.

attached as Ex. F to Pla.'s Accounting, ECF No. 192-1—4; Declaration of Anova LLC Member Craig Marshall at ¶ 33, ECF No. 104).

The Parties agree that attorneys' fees in the amount of $352,121.46 remain in dispute as set forth in the table below. (Pla.'s Accounting at p. 9, ECF No. 190; Def.'s Response at p. 19, ECF No. 214).

|  | **ACCOUNTING OF ZOBRIST LAW FIRM ATTORNEYS' FEES** |
|---|---|
| Total Zobrist Law Firm Billings | $ 669,778.18 |
| Fees Already Paid | - $ 284,624.72 |
| Pre- and Post-Tender Fees Not Recoverable | - $ 33,032.00 |
| **OUTSTANDING FEES IN DISPUTE** | **$ 352,121.46** |

The Hanover Companies assert that the Zobrist Law Firm is not entitled to any of the remaining $352,121.46 fees billed.

Anova LLC argues that the Zobrist Law Firm is entitled to the entirety of the remaining $352,121.46 for which they billed.

**STANDARD OF REVIEW**

The Supreme Court of Florida has found that the federal lodestar approach provides an objective structure to determine reasonable attorney fees. <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So.2d 1145, 1149-50 (Fla. 1985). Pursuant to Florida

law, courts determine reasonable attorney fees by analyzing the following criteria:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) The fee customarily charged in the locality for similar legal services;
>
> (4) The amount involved and the results obtained;
>
> (5) The time limitations imposed by the client or by the circumstances;
>
> (6) The nature and length of the professional relationship with the client;
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and,
>
> (8) Whether the fee is fixed or contingent.

Rowe, 472 So.2d at 1150 (citing Rule 2-106(b) of the Florida Bar Code of Professional Responsibility).

The party seeking attorneys' fees must present records detailing the amount of work performed to determine the reasonable hours expended, which is multiplied by a reasonable hourly rate to determine the lodestar. Id.; Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 833-34 (Fla. 1990). Once the court arrives at the lodestar figure, it may add or subtract from the fee based upon a contingency risk factor and the results obtained. Rowe, 472 So.2d at 1151.

The lodestar method is used to compute reasonable attorneys' fees pursuant to various Florida statutory provisions, but it is also used to calculate reasonable attorneys' fee awards pursuant to the parties' contractual agreement. Moore v. State Farm Mut. Auto. Ins. Co., 916 So.2d 871, 877 (Fla. Dist. Ct. App. 2005).

When the agreement regarding payment of attorney fees does not provide for a specific fee amount or percentage of recovery, but rather states that the fee will be a reasonable amount, it is up to the court to determine the reasonable amount of the fee. Id. at 878-79.

## ANALYSIS

As an initial matter, the Hanover Companies assert in their memorandum that OneBeacon Insurance is responsible for 25% of any outstanding attorneys' fees owed for the defense of Anova Food, LLC. The Hanover Companies claim the 25% portion is based on a separate agreement they entered into with OneBeacon Insurance as to the delegation of attorneys' fees that would be paid for the defense of Anova Food, LLC. (Pla.'s Accounting at pp. 6-7, ECF No. 190).

The Hanover Companies' agreement with OneBeacon Insurance is not before the Court. OneBeacon Insurance is not a party to this case and the Hanover Companies never filed a third-party complaint against them. The Court will not consider any aspect of the alleged agreement between the Hanover Companies and

OneBeacon Insurance.

## A. Lodestar Method

The Court has already ruled that the Hanover Companies owe
<u>all</u> reasonable attorneys' fees of the Zobrist Law Firm, incurred
in defending Anova LLC in the Underlying Lawsuit, from October
12, 2012 to December 10, 2013.

The Court has also ruled that the lodestar method applies in
this case.  (Order dated Oct. 24, 2016 at p. 8, ECF No. 189).

The only issue remaining concerns the disputed outstanding
fees of $352,121.46.

The Court uses the lodestar method in determining reasonable
fees, which is calculated by multiplying the number of hours
reasonably expected by a reasonable hourly rate.  <u>Hensley v.
Eckerhart</u>, 461 U.S. 424, 433 (1983).

The Parties do not dispute the hourly rates billed by the
Zobrist Law Firm.  The Hanover Companies object to the hours
expended by the Zobrist Law firm on a number of grounds.

## B. Reasonable Hours Expended

Counsel must exercise proper billing judgment and exclude
hours that are "excessive, redundant, or otherwise unnecessary."
<u>Hensley</u>, 461 U.S. at 434.  The fee applicant bears the burden of
documenting the appropriate hours expended in the litigation and

must submit evidence in support of those hours worked.  Id. at 437; see Gates v. Deukejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

A party opposing a fee application must submit objections and proof that are specific and reasonably precise in order to explain with particularity the hours that it views as excessive, redundant, or otherwise unnecessary.  Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1332 (M.D. Fla. 2002); see Gates, 987 F.2d at 1397-98.

The Hanover Companies have made twelve categories of objections to the hours billed by the Zobrist Law Firm.  The twelve categories are:

(1)  Block Billing;

(2)  Inadequate or Vague Description of Services;

(3)  Rate Deviation;

(4)  In-Firm Conferences;

(5)  Multiple Attendance;

(6)  Clerical, Secretarial, or Administrative Services;

(7)  Travel Time;

(8)  Messenger, Delivery, Express, Overnight Mail Services;

(9)  Computer Assisted Research Or Access Charges;

(10) Undocumented External Expenses;

(11) Excessive Time; and,

(12) Time Not Related To Defense Of The Case.

(Pla.'s Accounting at pp. 15-16, ECF No. 190).

The Hanover Companies did not pay for the Zobrist Law Firm's billed attorneys' fees in the following amounts based on the twelve categories of objections:

| REASON FOR OBJECTION | AMOUNT NOT PAID BY HANOVER |
|---|---|
| 1.  Block Billing | $219,711.50 |
| 2.  Inadequate/Vague Descript. | $ 16,445.72 |
| 3.  Rate Deviation | $      10.00 |
| 4.  In-Firm Conferences | $ 16,400.50 |
| 5.  Multiple Attendance | $     120.00 |
| 6.  Clerical Services | $   4,216.25 |
| 7.  Travel Time | $     182.00 |
| 8.  Delivery Services | $     116.49 |
| 9.  Computer Research Fees | $   4,119.84 |
| 10. External Expenses | $ 61,989.96 |
| 11. Excessive Time | $ 43,387.50 |
| 12. Unrelated to Defense | $ 13,332.50 |

## 1.    Block Billing

The Hanover Companies first argue that many of the Zobrist Law Firm's billing entries include multiple distinct tasks within the same time entry, a practice known as "block billing."

The Hanover Companies provided the Zobrist Law Firm with its Defense Counsel Guidelines that the Parties agreed would govern the attorneys' fees owed for tendering a defense in the

Underlying Lawsuit.  (Defense Counsel Guidelines attached as Ex.
B to Pla.'s Accounting, ECF No. 190-3).

The Defense Counsel Guidelines provided that "[u]nless
otherwise directed, the time for each activity should be
separately stated.  Grouping multiple activities under a single
time charge greater than one-tenth of an hour ("block billing")
is not acceptable."  (Id. at p. 10).

Courts frequently reduce hours that are block billed because
they are unable to discern the reasonableness of hours billed in
such a format.  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948
(9th Cir. 2007).

District Courts have regularly reduced block billed entries
by twenty percent in order to fairly balance those hours that
were block billed between time spent on compensable and non-
compensable tasks.  Signature Homes of Haw., LLC v. Cascade Sur.
and Bond, Inc., Civ. No. 06-00663 JMS-BMK, 2007 WL 2258725, at *3
(D. Haw. Aug. 3, 2007) (reducing block billed hours by twenty
percent); York v. Jordan, Civ. No. 13-00311 DKW-RLP, 2015 WL
728227, *3 (D. Haw. Jan. 30, 2015) (reducing block billed hours
by twenty percent).

The Hanover Companies object to paying $219,711.50 in
attorneys' fees due to block billing.  (Pla.'s Accounting at p.
17, ECF No. 190).

Anova LLC acknowledges that a number of the entries

13

submitted by the Zobrist Law Firm are block billed. On December 28, 2016, for the first time over a course of more than three years of litigation, Anova LLC submitted a red-lined version of the Zobrist Law Firm's billing records. The filing attempts to edit the block billed tasks into separate entries. (Red-Lined Billing Entries, attached as Ex. 1 to Anova LLC's Response filed December 28, 2016, ECF No. 216-1).

Anova LLC submitted the Declaration of Duane Zobrist in support of the red-lined billings. (Zobrist Decl., ECF No. 216). The Declaration of Duane Zobrist states that Attorney Scott Dahlquist, who no longer works at the Zobrist Law Firm, made redline edits to the firm's block-billed entries sometime in 2014. (Id. at ¶¶ 3, 4).

Duane Zobrist claims that a legal assistant named Lisa Daidone told him that she submitted the red-lined billing records created by Attorney Dahlquist to the Hanover Companies. (Id. at ¶8). Duane Zobrist alleges that Ms. Daidone told him that she submitted the records to the Hanover Companies via its electronic billing system in April 2014. (Id. at ¶ 8). Duane Zobrist claims that neither he nor Anova LLC's principal, Darren Zobrist, were aware that the red-lined billing records existed at all until December 2016. (Id. at ¶¶ 7-8).

The Hanover Companies object to the red-line version of the billing records submitted by Anova LLC. The Hanover Companies

argue: (1) the red-lined billing records were not timely filed in this case; (2) the records were never submitted to the Hanover Companies before they were filed with the Court in 2016; and (3) the submission of the evidence is based on hearsay. (Hanover Companies' Reply at pp. 14-18, ECF No. 218).

The Court finds the Hanover Companies' objections to be credible.

First, Anova LLC's disclosure of the red-lined billing records is untimely. Anova LLC never disclosed or submitted the red-lined version of the billing records during almost three years of litigation in this case. The records were not submitted with either of the Motions for Summary Judgment, in Anova LLC's Pretrial Statement, or in its Trial Brief that specifically addressed the Zobrist Law Firm's billing records and the amount of reasonable attorneys' fees. (ECF Nos. 68, 69, 83, 103, 117, 130, 131, 160, 177).

Second, there is no evidence that the Hanover Companies received the red-lined billing entries in 2014 as alleged by Anova LLC. There is no evidence of any e-mail communication between the Parties regarding the "corrected" or "red-lined" billing records and there is no evidence that the records were submitted via its electronic billing system. (Hanover Companies' Reply at p. 17, ECF No. 218). The Hanover Companies submitted the Declaration of Joseph Dombrosky, who is the Legal Bill

Reviewer for Hanover.  (Dombrosky Decl., ECF No. 218-1).
Dombrosky states that the Hanover Companies never received the
red-lined records and that if the document was submitted to their
electronic system there would be a record of the submission.
(Id. at ¶¶ 6-9, ECF No. 218-1).

Third, the only evidence that the red-lined billing records
were created in 2014 and submitted to the Hanover Companies is
based on hearsay statements.  The hearsay statements are not
admissible.  Anova LLC did not submit a Declaration or Affidavit
from either Attorney Dahlquist or Assistant Lisa Daidone to
support its claims.

Fourth, the Hanover Companies' Defense Counsel Guidelines
govern the attorneys' fees owed in this case.  (Defense Counsel
Guidelines attached as Ex. B to Pla.'s Accounting, ECF No. 190-
3).  The Defense Counsel Guidelines provided that "Defense
counsel will send the final invoice to Hanover within thirty (30)
days after entry of final judgment or execution of the settlement
agreement/dismissals."  (Id. at p. 9).  There is no admissible
evidence that the red-lined version of the billing entries were
provided to the Hanover Companies' within thirty days of the
dismissal of the Underlying Lawsuit.

The Court will not consider Anova LLC's late-filled,
"corrected" billing entries that are attached as Ex. 1 to Anova
LLC's Response filed December 28, 2016, ECF No. 216-1.

The Court relies on the billing entries first filed with the Court on March 16, 2016, attached as Exs. 5-9 to Anova LLC's Motion for Partial Summary Judgment, ECF No. 104-5—9. (See also the Hanover Companies' Accounting, Ex. G, ECF Nos. 194-212).

A number of the block billing entries preclude any practical review by the Court. Some entries contain specific information that document billable tasks. Other entries would require speculation in order to separate block billed entries into billable and non-billable hours or to allocate certain hours to specific tasks.

The lack of ability to differentiate the block billed hours requires the Court to reduce the Zobrist Law Firm's block billed entries by twenty percent. It is necessary because of the deficiencies in the Zobrist Law Firm's time records. The twenty percent reduction to the block billed entries fairly balances those hours that were block billed to allocate the amount of reasonable billable hours. Booth v. Wong, Civ. No. 10-00680 DKW-RLP, 2015 WL 4663994, *6-*7 (D. Haw. July 17, 2015) (citing Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ. No. 09-00429 ACK-KSC, 2012 WL 2529298, at *3 (D. Haw. June 28, 2012) (reducing block billed time by twenty percent); see Lil' Joe Wein Music, Inc. v. Jackson, 2008 WL 2688117, *13 (S.D. Fla. July 1, 2008).

The twenty percent reduction results in $43,942.30 being

17

deducted from the $219,711.50 labeled as block billed attorneys'
fees.

The Hanover Companies owe an outstanding balance of
**$175,769.20** as to the block billed entries.

## 2.    Inadequate or Vague Description of Services

The Hanover Companies did not pay $16,445.72 in attorneys'
fees based on their objection to the Zobrist Law Firm's entries
they claimed included an inadequate or vague description of
services.

A review of the billing records demonstrates that the
Zobrist Law Firm's entries were sufficiently detailed.    See
District of Hawaii Local Rule 54.3(d)(2).

For example, Attorney Craig Marshall billed for 2.32 hours
on November 14, 2012 for "Review email communications, finish
revisions to motion to stay."  (Pla.'s Ex. G, ECF No. 194-1 at p.
7).  Attorney Scott Dahlquist billed for 1.80 hours on November
20, 2012 for "Analyze orders regarding claim construction."
(Pla.'s Ex. G, ECF No. 195-1 at p. 11).  Such entries demonstrate
sufficient detail to allow the Court to evaluate the
reasonableness of the hours expended.  Hensley, 461 U.S. at 437.

The Hanover Companies have not demonstrated that a reduction
in fees is appropriate due to inadequate or vague billing
entries.  Gates, 987 F.2d at 1397-98.

The Hanover Companies owe an outstanding balance of
**$16,445.72** as to the entries they claimed were vague or
inadequate.

### 3.    Rate Deviation

The Hanover Companies did not pay $10.00 in attorneys' fees
for "rate deviation."  The Hanover Companies have not identified
the basis for this reduction in their Memorandum.  (Pla.'s
Memorandum, ECF No. 190).  The Court is unable to identify the
basis for such a reduction.

The Hanover Companies owe an outstanding balance of
**$10.00** as to "rate deviation."

### 4.    In-Firm Conferences

The Hanover Companies refused to pay $16,400.50 due to
billing entries that they claimed were for "in-firm conferences."
(Pla.'s Accounting at p. 17, ECF No. 190).

Anova LLC argues that the majority of the Hanover Companies'
objections to billing entries for "in-firm conferences" were for
communications between the Zobrist Law Firm and Anova LLC client
representative Darren Zobrist.  (Anova LLC Response at p. 14, ECF
No. 214).

The Hanover Companies admit that a portion of their
objections to the Zobrist Law Firm's billing entries for inter-

firm conferences were erroneous.  (Pla.'s Reply at p. 18, ECF No. 218).  In their Reply, the Hanover Companies have withdrawn their objections to $1,910.00 in billing entries due to in-firm conferences.  (Id.)

The remaining billing entries that the Hanover Companies objected to due to "in-firm conferences" are not recoverable. The Hanover Companies Defense Counsel Guidelines are clear that discussions about a file among the law firm's own attorneys are not billable.  (Defense Counsel Guidelines Section V.B.5, ECF No. 190-3 at p. 10).

The Hanover Companies owe an outstanding balance of **$1,910.00** as to the billing entries for in-firm conferences.

### 5.    **Multiple Attendance**

The Hanover Companies did not pay the Zobrist Law Firm for $120.00 in fees due to multiple attendance by the Zobrist Law Firm's attorneys.  (Pla.'s Accounting at p. 17, ECF No. 190).

The Zobrist Law Firm is not entitled to fees for multiple attendance at a meeting.  The Hanover Companies Defense Counsel Guidelines provided that billing for multiple attendance is not allowed.  "Counsel should consult with the claim adjuster where it is anticipated that more than one timekeeper's attendance is necessary at trial, court appearances, meetings, depositions, witness interviews, inspections and other functions."  (Defense

Counsel Guidelines Section V.B.6, ECF No. 190-3 at p. 11).
Attorneys' fees for multiple attendance are generally not
recoverable because two professionals cannot reasonably bill for
attending the same meeting, conference, or similar matter.
Robinson v. Plourde, 717 F.Supp.2d 1092, 1099 (D. Haw. 2010).

The Hanover Companies do not owe a balance as to the
outstanding billing entries for multiple attorney attendance.

### 6. Clerical, Secretarial, or Administrative Activities

The Hanover Companies did not pay $4,216.25 in billing
entries because the fees requested constituted clerical,
secretarial, or administrative activities.

The Hanover Companies Defense Guidelines did not allow for
attorneys' fees for clerical, secretarial, or administrative
activities. (Defense Counsel Guidelines Section V.B.11, ECF No.
190-3 at p. 11).

Clerical costs are part of an attorney's overhead and are
reflected in the charged hourly rate and are not billable
separately. Jeremiah B. v. Dep't of Educ., Civ. No. 09-00262DAE-
LK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010).

The Hanover Companies do not owe a balance as to the
outstanding billing entries for clerical, administrative, or
secretarial tasks.

### 7.  Travel Time

The Hanover Companies did not pay $182.00 in billing entries for travel time.  The Hanover Companies stated that it paid half of the Zobrist Law Firm's travel time billings pursuant the terms of their billing guidelines.  (Defense Counsel Guidelines Section V.B.11, ECF No. 190-3 at p. 11).

The terms of the Hanover Companies' billing guidelines were reasonable and provided sufficient fees for travel time.  See Ko Olina Development, LLC v. Centex Homes, Civ. No. 09-00272 DAE-LK, 2011 WL 1235548, *13 (D. Haw. March 29, 2011).

The Hanover Companies do not owe a balance as to the outstanding billing entries for travel time.

### 8.  Messenger, Delivery, Express, Overnight Mail Services

The Hanover Companies did not pay $116.49 in billing entries for messenger, delivery, express, or overnight mail services.

Delivery costs are generally recoverable for out-of-pocket litigation expenses.  Grove v. Wells Fargo Fin. Ca., Inc., 606 F.3d 577, 580 (9th Cir. 2010).

The Hanover Companies dispute the billing entries on the basis that its billing guidelines allow for recovery of such delivery fees only when "its use is necessary to the defense of the case."  (Defense Counsel Guidelines Section V.C.6, ECF No. 190-3 at p. 12).

The delivery services were reasonably related to the defense of the case and the Hanover Companies are responsible for the cost.

The Hanover Companies owe an outstanding balance of **$116.49** as to the billing for delivery services.

### 9.    **Computer Assisted Research or Access Charges**

The Hanover Companies did not pay $4,119.84 in fees for computer assisted research or access charges.

The Hanover Companies' billing guidelines contained a provision stating that "Hanover will not pay for Internet access charges, monthly online docket access or subscription charges, or charges for computer assisted research such as Westlaw, Lexis, and other computer research databases.  These services are considered part of the firm's overhead."  (Defense Counsel Guidelines Section V.C.6, ECF No. 190-3 at p. 12).

The Hanover Companies do not owe a balance as to the outstanding billing entries for computer assisted research.

### 10.    **Undocumented External Expenses**

The Hanover Companies declined to pay $61,989.96 in fees for undocumented expenses for outside counsel.  The billing entries submitted for these fees do not provide any information other than vague descriptions such as, "Outside Counsel," or similarly

insufficient descriptions.  In addition, the billing entries are requests for large flat fees with no hourly information.

For example, on November 14, 2012, the Zobrist Law Firm billed $3,755.00 for "outside counsel."  (Pla.'s Ex. G, ECF No. 194-1 at p. 7).  On January 9, 2013, the Zobrist Law Firm billed $15,488.80 for "outside counsel."  (Pla.'s Ex. G, ECF No. 196-1 at p. 12).

There is no information that would allow the Court to evaluate if such billing entries are reasonable.  <u>Hensley</u>, 461 U.S. at 437.

The Hanover Companies do not owe a balance as to the outstanding billing entries for external expenses.

## 11.  **Excessive Time**

The Hanover Companies did not pay $43,387.50 of billing entries due to excessive time.

A party opposing a fee request that it deems to be excessive must submit objections and proof that are specific and reasonably precise in order to explain its objection.  <u>Scelta</u>, 203 F.Supp.2d at 1332; <u>see</u> <u>Gates</u>, 987 F.2d at 1397-98.

The Hanover Companies have not provided specific and reasonably precise objections to billing entries that they deemed "excessive."  A review of the billing entries that the Hanover Companies identified as excessive does not demonstrate that a

reduction is warranted.  The nature of the Underlying Lawsuit and the extensive proceedings in the litigation support a ruling that the time requested was reasonable.

The Hanover Companies owe an outstanding balance of **$43,387.50** as to the billing entries marked as "excessive time."

### 12.  Time Not Related to Defense

The Hanover Companies did not pay $13,332.50 in billing entries that were related to the Underlying Lawsuit but they deemed were not part of Anova LLC's defense.

The Court already ruled that the Hanover Companies had a duty to defend Anova LLC <u>for the entire suit</u> and they were not able to apportion the attorneys' fees based on the nature of the claims brought in the Underlying Lawsuit, citing <u>Grissom v. Commercial Union Ins. Co.</u>, 610 So.2d 1299, 1307 (Fla. Dist. Ct. App. 1992); (Order dated June 29, 2016, at p. 47, ECF No. 151).

A proper defense may include counterclaims for which reasonable attorneys' fees are recoverable where there is a duty to defend.  <u>See</u> <u>KLA-Tencor Corp. v. Travelers Indem. Co.</u>, 2004 WL 1737297, *4, *10 (N.D. Cal. Aug. 4, 2004).

The Hanover Companies owe an outstanding balance of **$13,332.50** for the billing entries marked as "time not related to defense."

In total, the Court finds that as to the outstanding

attorneys' fees that remain in dispute the Hanover Companies owe
the following:

| TOTAL OUTSTANDING FEES IN DISPUTE | **$ 352,121.46** |
|---|---|

| REASON FOR OBJECTION | AMOUNT IN DISPUTE | AMOUNT OWED |
|---|---|---|
| 1. Block Billing | $219,711.50 | **$ 175,769.20** |
| 2. Inadequate/Vague | $ 16,445.72 | **$   16,455.72** |
| 3. Rate Deviation | $      10.00 | **$       10.00** |
| 4. In-Firm Conf. | $ 16,400.50 | **$    1,910.00** |
| 5. Multi. Attendance | $     120.00 | $       0.00 |
| 6. Clerical | $   4,216.25 | $       0.00 |
| 7. Travel Time | $     182.00 | $       0.00 |
| 8. Delivery Services | $     116.49 | **$      116.49** |
| 9. Computer Fees | $   4,119.84 | $       0.00 |
| 10. External Expense | $ 61,989.96 | $       0.00 |
| 11. Excessive Time | $ 43,387.50 | **$   43,387.50** |
| 12. Unrelated to Def | $ 13,332.50 | **$   13,332.50** |
|  |  | **$ 250,971.41** |

The Hanover Companies owe a total of $250,971.41 in
additional attorneys' fees incurred from October 12, 2012 to
December 10, 2013.

## CONCLUSION

The Court **FINDS** that the Hanover Companies owe an additional **$250,971.41** in attorneys' fees for the defense of Anova Food, LLC in the Underlying Lawsuit.

There are no remaining issues before the Court.

The Clerk of Court is **DIRECTED** to enter judgment and **CLOSE THE CASE.**


IT IS SO ORDERED.

DATED: June 9, 2017, Honolulu, Hawaii.


Helen Gillmor
United States District Judge