IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY and MASSACHUSETTS BAY INSURANCE COMPANY, | ) CIVIL NO. 14-00281 HG-RLP<br>)<br>) FINDINGS AND RECOMMENDATION TO<br>) GRANT IN PART AND DENY IN PART |
| Plaintiffs, | ) ANOVA FOOD, LLC'S MOTION FOR<br>) AWARD OF ATTORNEYS' FEES AND |
| vs. | ) COSTS<br>)<br>) |
| ANOVA FOOD, LLC and ANOVA FOOD, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS[1]

Before the Court is Anova Food, LLC's ("Anova LLC") Motion for Award of Attorneys' Fees and Costs, filed on June 23, 2017 ("Motion"). See ECF No. 224. Anova LLC requests an award of $539,077.78 for attorneys' fees and costs as the prevailing party pursuant to Florida Statutes Section 627.428. ECF No. 225. The Hanover Insurance Company and Massachusetts Bay Insurance Company ("Hanover Companies") filed their Opposition on August 25, 2017. ECF No. 243. Anova LLC filed its Reply on September 22, 2017. ECF No. 246. After careful consideration of the submissions of the parties and the relevant legal authority, the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Court FINDS AND RECOMMENDS that Anova LLC's Motion be GRANTED IN PART AND DENIED IN PART.

### BACKGROUND

The Hanover Companies filed this declaratory judgment action asking the court to determine their duty to defend and duty to indemnify Anova LLC in connection with <u>Kowalski v. Anova Food, LLC</u>, Civil No. 11-00795 HG-RLP ("Underlying Lawsuit") pursuant to various insurance policies. In the Underlying Lawsuit, the Hanover Companies tendered a defense and provided counsel for Anova LLC. The Underlying Lawsuit was settled in March 2015.

In this action, the court granted summary judgment in favor of Anova LLC on the Hanover Companies' duty to defend Anova LLC in the Underlying Lawsuit. <u>See</u> ECF No. 113. However, the court found that Anova LLC was not entitled to fees incurred before it requested a defense from the Hanover Companies. <u>Id.</u> The Court held that Anova LLC was entitled to certain attorneys' fees incurred after it requested a defense. <u>Id.</u>; ECF No. 151 at 48-55. After a second round of motions for summary judgment, the court determined that Anova LLC was entitled to indemnification on some of the claims asserted in the Underlying Lawsuit, but held that neither party was entitled to recover the money that they contributed to the settlement of the Underlying Lawsuit. <u>See</u> ECF No. 151. The court also denied Anova LLC's claim for bad

                                     PageID.6503

faith.  ECF No. 188.

                                ANALYSIS

   I.   **Entitlement to Attorneys' Fees and Costs**

        Under Florida Statute Section 627.428, if an insured obtains judgment against its insurer, the insured is entitled to "a reasonable sum as fees or compensation for the insured's [] attorney prosecuting the suit in which the recovery is had." Fla. Stat. § 627.428(1).

        **A.   Entitlement to Fees Incurred in Connection with the Underlying Lawsuit**

        In addition to the fees that it incurred in this action, Anova LLC also seeks to recover a portion of the attorneys' fees that it incurred in defending the Underlying Lawsuit.  ECF No. 225.  Specifically, Anova LLC asks the Court to award it 50% of the fees that it incurred for work performed by Lane Powell, P.C. from September 2012 through March 2015 in connection with the Underlying Lawsuit, which equals $69,852.92. Id. at 19, 29.  Under Florida law, an insured may recover fees for pre-suit work if the work "was necessitated by the insurer's unreasonable conduct."  U.S. Fid. & Guar. Co. v. Rosado, 606 So. 2d 628, 629 (Fla. Dist. Ct. App. 1992).  Here, the court expressly denied Anova LLC's bad faith claim against the Hanover Companies.  ECF No. 188.  Accordingly, the Court finds that Anova LLC is not entitled to recover attorneys' fees for the work

                                   3

performed by Lane Powell, P.C. in connection with the Underlying Lawsuit.

### B. Entitlement to Attorneys' Fee Incurred After the Hanover Companies Made a Settlement Offer

Under Florida law, an insured is entitled to its attorney's fees under Section 627.428 only if it obtains a judgment greater than any settlement offer made by the insurer. Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So. 2d 420, 421 (Fla. 1994). For purposes of determining whether the settlement offer exceeds the insured's recovery, the Court must consider the insured's damages plus any attorneys' fees, taxable costs, and prejudgment interest incurred before the insurer's offer. See State Farm Mutual Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1074 (Fla. 2006). If the insured does not recover more than the insurer's offer, the insured is only entitled to "pre-offer fees under section 627.428." Nichols, 932 So. 2d at 1075.

Here, the Hanover Companies offered $355,900 to settle this case on July 6, 2016. See ECF No. 243 at 8. Accordingly, the Court must consider whether Anova LLC's recovery exceeded the $355,900 settlement offer. Anova was awarded $250,971, which is $104,929 less than the Hanover Companies' settlement offer. See ECF No. 219. However, the Court must also consider the attorneys' fees, taxable costs, and prejudgment interest incurred

4

by Anova LLC before the offer. See Nichols, 932 So. 2d at 1074. Anova LLC submits that it had incurred more than $370,000 in fees, $4,288 in costs, and $30,367 in prejudgment interest at the time of the settlement offer. See ECF No. 225 at 19; ECF No. 246 at 6. As discussed below, the Court ultimately finds that Anova LLC is not entitled to recover the full amount of attorneys' fees requested for this time period. However, even with the appropriate reductions, Anova LLC's damages plus the reasonable attorneys' fees, costs, and prejudgment interest incurred as of the date of the Hanover Companies' settlement offer exceeds the amount of the settlement offer. Accordingly, Anova LLC is entitled to recover its reasonable fees for the entirety of this case.

## II. Calculation of Attorneys' Fees

In determining reasonable attorneys' fees, Florida courts use the lodestar method to "(1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims." Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1151–52 (Fla. 1985) *modified by* Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990). Courts should consider the following factors in

5

determining reasonable attorneys' fees:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Standard Guar. Ins. Co., 555 So. 2d at 834 (citation omitted). Three law firms performed work for Anova LLC in this action: Lane Powell, P.C., Deeley King Pang & Van Etten, and The Law Office of Bruce H. Wakuzawa, ALC.

As noted above, the Court finds that Anova LLC is not entitled to recover fees for the work that Lane Powell, P.C. performed in the Underlying Lawsuit. Anova LLC states in its Motion that it requests $352,834.26[2] for work performed by Lane Powell, P.C. in this litigation. See ECF No. 225 at 19. However, the invoices provided reflect a total of $310,441.82 in

---

[2] The Court notes a discrepancy in Anova LLC's filings regarding the costs incurred by Lane Powell, P.C. between July 6, 2016, and the present. Compare ECF No, 226-3 (reflecting costs of $6,166.78) with ECF No. 226-5 (reflecting costs of $6,166.70). The Court uses the $6,166.78 amount as reflected in the screenshots of the firm's accounting data.

fees and costs.  See ECF No. 226-1 at 81-158.[3]  The Court bases its calculations on the information provided in the invoices for purposes of this Findings and Recommendation.

The Court notes that there are significant inconsistencies regarding the amount of fees requested in Anova LLC's filings for the work performed by Deeley King Pang & Van Etten.  In its Motion and Reply, Anova LLC requests $50,964.58 for work performed by this firm.  See ECF No. 225 at 20, ECF No. 246 at 6.  However, in the summary of fees provided, Anova LLC states that it seeks "$25,000.00 + $24,964.58 = $49,964.58" for this work.  See ECF No. 226-7 at 2.  The invoices provided by Deeley King Pang & Van Etten reflect that it billed $58,821.33 in working on this case.  See ECF No. 226-2.  The invoices also reflect a "Final Invoice" amount of $25,000 "for the period [the firm] represented Anova."  ECF No. 226-2 at 21.  The invoices do not reflect the $24,964.58 amount requested by Anova LLC, and the calculation of that amount is not explained in Anova LLC's filings.  See id.; ECF Nos. 225, 246.  Anova LLC states that the firm agreed to reduce its billings by $33,821.  ECF No. 226 ¶ 19; ECF No. 246 at 16; see also ECF No. 228, Decl. of Darren Zobrist

---

[3] The Court did not include the following in calculating this amount: (1) the costs reflected on the invoice dated July 9, 2015, for travel in 2014, see ECF No. 226-1 at 83; (2) the fees and costs reflected on the invoices for other matters, see id. at 137-143, 156-158; (3) the fees requested for work completed by "L. Evans," who Anova LLC does not mention in its filings, see id. at 94.

(stating that the firm reduced its billings "[a]s a result of delay and inefficiencies associated with [changing counsel]."). For purposes of this Findings and Recommendation, the Court calculates the fees requested for work performed by Deeley King Pang & Van Etten as follows: $58,821.33, as reflected in the invoices from Deeley King Pang & Van Etten, minus the reduction of $33,821 that Anova LLC acknowledges in its Reply, equals $25,000 in fees and costs.

Anova LLC requests $74,716.02 for work completed by The Law Office of Bruce H. Wakuzawa, ALC. ECF Nos. 226-4, 226-7 at 2.

### B. **Reasonable Hours Expended**

In determining the reasonable hours expended, the Court may reduce the number of hours claimed if the Court finds that the hours are "excessive or unnecessary." Rowe, 472 So. 2d at 1150. "Duplicative time charged by multiple attorneys working on the case are generally not compensable." State Farm Fla. Ins. Co. v. Alvarez, 175 So. 3d 352, 356 (Fla. Dist. Ct. App. 2015) (quoting N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So. 2d 194, 196 (Fla. Dist. Ct. App 2003)).

Here, the Hanover Companies assert that the hours requested are unreasonable because Anova LLC employed three different law firms. See ECF No. 243 at 10-11. The Hanover Companies do not point to any specific time entries or efforts of

counsel that were duplicative or excessive. See id. The Court has carefully reviewed the time entries provided by Anova LLC's counsel and finds that the hours requested are not excessive or duplicative. As noted above, Anova LLC negotiated a reduction of fees from Deeley King Pang & Van Etten to account for "delay and inefficiencies," see ECF No. 228 ¶ 8, and the Court uses this reduced amount for purposes of this Findings and Recommendation. Additionally, the association of local counsel was required and necessary. See, e.g., Local Rule 83.1(e)(5) (requiring local counsel to participate in all court proceedings).

The Court also rejects the Hanover Companies' argument that Anova LLC is not entitled to recover for fees that it incurred litigating the amount of fees that the Hanover Companies had to pay to the Zobrist law firm. See ECF No. 243 at 9-10. Although Anova LLC is not entitled to recover fees for counsel's work on this Motion under Section 627.428, see State Farm Fire v. Palma, 629 So. 2d 830, 833 (Fla. 1993), there is no authority to support the Hanover Companies' argument that Anova LLC is not entitled to recover its fees for work performed in determining the amount of the attorneys' fees to which it was entitled under the duty to defend in the insurance policies at issue. The Court has reviewed the hours requested by Anova LLC and finds them to be reasonable.

### B. Reasonable Hourly Rate

The reasonable hourly rate is "the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services, not the hourly rate ordinarily charged by the specific attorney retained in the case." Lane v. Head, 566 So. 2d 508, 512 (Fla. 1990). For purposes of awarding attorneys' fees, the relevant community is Hawaii. See Rowe, 472 So. 2d at 1150 (stating that courts should consider the "fee customarily charged in the locality for similar legal services" in determining the reasonableness of the fee request). The Court has carefully reviewed the information provided by counsel regarding their education and experience. Based on that information, as well as the Court's knowledge of the prevailing rates in the community and the Court's familiarity with this case, the Court finds that the hourly rates requested for the lawyers with the Deeley King Pang & Van Etten firm are reasonable,[4] but the rates requested for John Neeleman, Bruce H. Wakuzawa, and Kristin Beneski are unreasonable.

Anova LLC requests between $600 and $650 per hour for Mr. Neeleman, an attorney with thirty-one years of experience. See ECF No. 226-1; ECF No. 226 ¶ 2. In contrast, Anova LLC

---

[4] The rates requested by the Deeley King Pang & Van Etten firm are $350 per hour for Alan Van Etten; $165 per hour for Aaron L. Loeser; and $145 per hour for Tristan S.D. Andres. See ECF No. 226-2.

requests $395 per hour for Mr. Wakuzawa, who also has thirty-one years of experience and only $350 per hour for Mr. Van Etten, who has forty-four years of experience.  See ECF No. 261-4; ECF No. 227 ¶ 3; ECF No. 226-2.  Based on the information provided by counsel and the Court's knowledge of the rates charged in this community by lawyers of comparable skill, experience and reputation for similar services, the Court finds that a reasonable hourly rate for both Mr. Neeleman and Mr. Wakuzawa is $350 per hour.  See, e.g., Pelayo v. Platinum Limousine Servs., Inc., No. CV 15-00023 DKW-KJM, 2016 WL 5402185, at *5 (D. Haw. Sept. 27, 2016) (awarding $310 per hour for an attorney with twenty-seven years of experience).  Anova LLC requests between $310 and $350 per hour for Ms. Beneski, an attorney with five years of experience.  See ECF No. 226-1; ECF No. 56 ¶ 3.  Based on the same considerations discussed above, the Court finds that a reasonable hourly rate for Ms. Beneski is $175.  See, e.g., Starr Adjustment Servs., Inc. v. Rucker, No. MC 17-00133 DKW-KSC, 2017 WL 4106075, at *3 (D. Haw. Sept. 15, 2017) (awarding $185 per hour to an attorney with eight years of experience).

      C. **Lodestar Amount**

As noted above, to determine the lodestar amount, the Court multiplies the reasonable hours expended by the reasonable hourly rate.  Rowe, 472 So. 2d at 1151.  The Court finds $25,000 to be the reasonable fees requested by Anova LLC for work

11

performed by Deeley King Pang & Van Etten.  Anova LLC requests 370.8 hours for Mr. Neeleman, see ECF No. 226-1 at 81-151, multiplied by $350 per hour, equals $129,780.  Anova LLC requests 187.7 hours for Ms. Beneski, see id. at 85-155, multiplied by $175 per hour, equals $32,847.50.  Combined, the reasonable fees total $162,627.50 for work performed by Lane Powell, P.C. in this case.  Anova LLC requests 177.4 hours for Mr. Wakuzawa, see ECF No. 226-4 at 2-39, multiplied by $350 per hour, equals $62,090, plus Hawaii General Excise Tax (4.712%) of $2,925.68.  The total lodestar amount is $252,643.18.

### D.  Reduction for Limited Success

Under Florida law, the Court may reduce the fees awarded if a "party prevails on only a portion of the claims made in the litigation."  Rowe, 472 So. 2d at 1151.  In making a reduction for limited success, the Court "must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims."  Id.  Anova LLC acknowledges that the Court may reduce the fees awarded to account for its limited success in this action, but argues that it should be awarded 99% of the fees incurred because the claims were so interrelated as to make allocation impossible.  ECF No. 246 at 10-14.

The Court disagrees with Anova LLC's argument that the

claims in this action are so interrelated that the Court should only reduce the fees awarded by 1% to account for Anova LLC's limited success.  The Court has carefully reviewed the time sheets submitted and the filings in this action and recommends that the district court reduce the fees awarded to Anova LLC by 50% percent to account for its limited success in this action.  A substantial portion of numerous filings in this action were devoted to issues on which Anova LLC did not prevail.  See, e.g., ECF No. 65 (memorandum of law including seven pages addressing pre-tender fees of seventeen page argument section); ECF No. 83 (reply memorandum including nine pages regarding pre-tender fees of nineteen page argument section); ECF No. 156 (Anova LLC's Statement Regarding its Bad Faith Claim); ECF No. 157 (declaration of counsel regarding bad faith claim); ECF Nos. 162, 163, 164, 165, 166, 167 (motion and accompanying filings seeking reconsideration of the court's ruling regarding reimbursement of settlement contributions); ECF No. 177 (trial brief including seven pages on the bad faith claim of thirty-six page argument section).  Additionally, the time sheets also reflect substantial time spent on issues on which Anova LLC did not prevail.  See, e.g., ECF No. 226-4 at 2-3, 11, 14, 20, 21, 23, 24, 27, 28, 31, 33 (reflecting time spent researching bad faith and pre-tender fee issues and drafting motion for reconsideration); ECF No. 226-1 at 121, 125, 150 (same).  In considering the relationship

13

between the fees requested and the extent of Anova LLC's success in this action, the Court recommends that the district court reduce the lodestar amount by 50% percent and award Anova LLC $126,321.59 in attorneys' fees.

### III.  Costs

Although Section 627.428 does not expressly provide for an award of costs, Florida courts routinely award "reasonable attorneys' fees and costs" under the statute.  See, e.g., Nichols, 704 So. 2d at 1373 ("reasonable attorney's fees and costs are to be awarded against an insurer upon rendition of a judgment against the insurer in favor of the insured").  Here, Anova LLC requests $8,589.32 in costs incurred by Lane Powell, P.C. and $1,341.17 in costs incurred by The Law Office of Bruce H. Wakuzawa, ALC.  See ECF Nos. 226-1, 226-4.  The Hanover Companies do not object to these costs.  See ECF No. 243.  The Court has reviewed the costs requested and finds them to be reasonable.  The Court recommends that the district court award Anova LLC $9,930.49 in costs.

### CONCLUSION

The Court FINDS and RECOMMENDS that Anova Food, LLC's Motion for Award of Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district court AWARD Anova Food, LLC $126,321.59 in attorneys' fees and $9,930.49 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 29, 2017.



Richard L. Puglisi
United States Magistrate Judge


**THE HANOVER INS. CO., ET AL V. ANOVA FOOD, LLC; CIVIL NO. 14-00281 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**