IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

THE HANOVER INSURANCE          )    Civil No. 14-00281 HG-RLP
COMPANY; MASSACHUSETTS BAY     )
INSURANCE COMPANY,             )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
ANOVA FOOD, LLC; ANOVA FOOD,   )
INC.,                          )
                               )
          Defendants.          )
                               )
                               )
_____)
                               )
ANOVA FOOD, INC.; ANOVA FOOD,  )
LLC,                           )
                               )
          Counter-Claimants,   )
                               )
     vs.                       )
                               )
THE HANOVER INSURANCE          )
COMPANY; MASSACHUSETTS BAY     )
INSURANCE COMPANY,             )
                               )
          Counter-Defendants.  )
                               )
_____)

**ORDER OVERRULING ANOVA FOOD, LLC'S OBJECTION TO FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (ECF No. 248)**

**and**

**ADOPTING THE MAGISTRATE JUDGE'S SEPTEMBER 29, 2017 FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (ECF No. 247)**

On September 29, 2017, the Magistrate Judge issued a

Findings and Recommendation to Grant In Part and Deny In Part

Anova Food, LLC's Motion for Award of Attorneys' Fees and Costs.

1

(ECF No. 247). The Magistrate Judge recommended that Anova Food, LLC be awarded $126,321.59 in attorneys' fees and $9,930.49 in costs.

Anova Food, LLC filed an Objection to the Magistrate Judge's Findings and Recommendation and it seeks a total of $539,077.78 in fees and costs.

The Hanover Insurance Company and Massachusetts Bay Insurance Company ("the Hanover Companies") filed an Opposition to Anova Food, LLC's Objection.

The Court **OVERRULES** Anova Food, LLC's Objection (ECF No. 248) and **ADOPTS** the Magistrate Judge's Findings and Recommendation (ECF No. 247).

## PROCEDURAL HISTORY

On June 19, 2014, the Hanover Companies filed a Complaint. (ECF No. 1).

On May 29, 2015, the Hanover Insurance Companies filed a First Amended Complaint. (ECF No. 39).

On June 12, 2015, Anova Food, LLC filed a Counterclaim. (ECF No. 40).

On March 24, 2016, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT/COUNTERCLAIMANT ANOVA FOOD, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT. (ECF No. 113).

On June 29, 2016, the Court issued an ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT ANOVA FOOD, INC. AND DENYING PLAINTIFFS THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE

COMPANY'S MOTION FOR SUMMARY JUDGMENT AND GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT ANOVA FOOD LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT. (ECF No. 151).

On October 21, 2016, the Court issued an ORDER DENYING COUNTER-CLAIMANT ANOVA FOOD, LLC'S BAD FAITH CLAIM. (ECF No. 188).

On October 24, 2016, the Court issued an ORDER ON REMAINING ISSUES REGARDING THE ZOBRIST LAW FIRM'S ATTORNEYS' FEES. (ECF No. 189).

On June 9, 2017, the Court issued an ORDER AWARDING ATTORNEYS' FEES INCURRED IN DEFENSE OF ANOVA FOOD, LLC. (ECF No. 219).

On the same date, Judgment was entered. (ECF No. 220).

On June 23, 2017, Anova Food, LLC filed a Motion for Award of Attorney Fees and Costs along with Declarations in support of the Motion. (ECF Nos. 224-28).

On September 29, 2017, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS. (ECF No. 247).

On October 13, 2017, Anova Food, LLC filed OBJECTION TO FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS. (ECF No. 248).

On November 6, 2017, the Hanover Companies filed THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY'S MEMO

IN RESPONSE TO ANOVA FOOD, LLC'S OBJECTION TO FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS. (ECF No. 251).

On November 27, 2017, Anova Food, LLC filed its Reply. (ECF No. 252).

## STANDARD OF REVIEW

Any party may object to a magistrate judge's findings and recommendation pursuant to District of Hawaii Local Rule 74.2.

The district court judge shall make a de novo determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. Id. The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

Anova Food, LLC filed a Motion for Award of Attorneys' Fees and Costs pursuant to Florida Statute § 627.428 (2017).

4

Fla. Stat. § 627.428(1), provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

The purpose of the statute is to discourage insurance companies from contesting valid coverage claims against it and to reimburse successful insureds for their attorneys' fees when they are compelled to defend or sue to enforce their insurance contracts. Trans Coastal Roofing Co., Inc. v. David Boland, Inc., 309 F.3d 758, 760-61 (11th Cir. 2002).

The Florida Supreme Court has stated that Fla. Stat. § 627.428 must be strictly construed. Pepper's Steel & Alloys, Inc. v. United States, 850 So.2d 462, 465 (Fla. 2003) (per curiam).

Anova Food, LLC asserts that it is entitled to attorneys' fees and costs pursuant to the Florida statute as the prevailing party in an action brought against it by the insurers The Hanover Insurance Company and Massachusetts Bay Insurance Company ("the Hanover Companies").

The District Court ruled partially in favor of Anova Food, LLC in the declaratory action. The District Court found that the Hanover Companies had a duty to defend Anova Food, LLC in the Underlying Lawsuit in Kowalski v. Anova Food, LLC, Civ. No. 11-

00795 HG-RLP.  (ECF Nos. 113, 151).  The District Court held that neither the Hanover Companies nor Anova Food, LLC were entitled to recover money they contributed to the March 2015 Settlement Agreement for the Underlying Lawsuit.  (ECF Nos. 151, 187).

The District Court granted, in part, and denied, in part, Anova Food, LLC's counterclaim against the Hanover Companies for breach of contract.  (ECF Nos. 151, 189, 219).

The District Court denied Anova Food, LLC's counterclaim for bad faith.  (ECF No. 188).

Pursuant to the District Court's rulings, the Magistrate Judge recommended Anova Food, LLC be considered the prevailing party for purposes of awarding attorneys' fees and costs pursuant to Fla. Stat. § 627.428(1).

Anova Food, LLC sought a total award of $539.077.78 in attorneys' fees and costs.  (Anova Memo at p. 24, ECF No. 225).

The Magistrate Judge recommended an award of $126,321.59 in attorneys' fees and $9,930.49 in costs.

Anova Food, LLC objects to the Magistrate Judge's Findings and Recommendation on four bases:

(1) Anova Food, LLC argues that it should be entitled to attorneys' fees incurred before the current lawsuit was filed against it by the Hanover Companies;

(2) Anova Food, LLC argues that its attorneys' fees should not be substantially reduced for its limited success;

(3) Anova Food, LLC argues that its counsel should receive higher hourly rates than awarded by the Magistrate Judge; and,

(4) Anova Food, LLC argues that local counsel from Deeley King Pang & Van Etten should be awarded additional fees

6

because it had "inadvertently omitted some invoices."
(Objections at pp. 2-15, ECF No. 248).

1.  **Pre-Suit Fees**

An insured may recover fees for pre-lawsuit work if the work was "necessitated by the insurer's unreasonable conduct." U.S. Fid. & Guar. Co. v. Rosado, 606 So.2d 628, 629 (Fla. Dist. Ct. App. 1992) (per curiam) (citing Wollard v. Lloyd's & Cos. Of Lloyd's, 439 So.2d 217, 219 n.2 (Fla. 1983)).

Anova Food, LLC asserts that it should be awarded fees for work performed from September 2012 to March 2015 related to the Underlying Lawsuit in Kowalski v. Anova Food, LLC, Civil No. 11-00795 HG-RLP.

Anova Food, LLC is not entitled to pre-suit fees in this case. The District Court already rejected Anova Food, LLC's argument that the Hanover Companies acted unreasonably in the settlement of the Underlying Lawsuit. (Order Denying Counter-Claimant Anova Food, LLC's Bad Faith Claim at pp. 12-13, ECF No. 188; Order Granting, In Part, and Denying, In Part, Defendant Anova Food LLC's Motion for Partial Summary Judgment, ECF No. 151).

Anova Food, LLC has not demonstrated that the Hanover Companies engaged in unreasonable conduct prior to the filing of the lawsuit that would entitle it to additional attorneys' fees. Banta Properties, Inc. v. Arch Specialty Ins. Co., 2012 WL 12835884, *2 (S.D. Fla. Dec. 5, 2012), vacated on other grounds

7

551 Fed. Appx. 564 (11th Cir. 2014) (per curiam); Storfer v. Guar. Trust Life Ins. Co., 2011 WL 213461, *4 (S.D. Fla. Jan 21, 2011); see Kearney v. Auto-Owners Ins. Co., 2010 WL 3119380, *8-*9 (M.D. Fla. Aug. 4, 2010) (declining to award pre-suit fees under Fla. Stat. § 627.428).

The District Court already determined all of the attorneys' fees to which Anova Food, LLC was entitled in the Underlying Lawsuit. (ORDER AWARDING ATTORNEYS' FEES INCURRED IN DEFENSE OF ANOVA FOOD, LLC dated June 9, 2017, ECF No. 219).

Anova Food, LLC is not entitled to pre-suit attorneys' fees.

### 2. Reduction For Limited Success

Florida law provides that the attorneys' fees awarded to the prevailing party shall be reduced if its success was limited. Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985). The Florida Supreme Court explained in Rowe:

> When a party prevails on only a portion of the claims made in the litigation, the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims. In adjusting the fee based upon the success of the litigation, the court should indicate that it has considered the relationship between the amount of the fee awarded and the extent of success.

Id.

Anova Food, LLC had limited success in this case. Anova Food, LLC prevailed on the issue of whether the Hanover Companies had a duty to defend it in the Underlying Lawsuit. The District

8

Court ruled, however, that the period of time for which Anova Food, LLC was entitled to defense fees was limited. (Order Granting, In Part, and Denying, In Part, Defendant/ Counterclaimant Anova Food, LLC's Motion for Partial Summary Judgment, ECF No. 113).

Anova Food, LLC did not prevail on its request for pre-tender attorneys' fees related to the Underlying Lawsuit. (Order Granting, In Part, and Denying, In Part, Defendant/Counter-Claimant Anova Food, LLC's Motion for Partial Summary Judgment at pp. 30-37, ECF No. 113). Anova Food, LLC was not awarded a substantial portion of the attorneys' fees it sought for the Underlying Lawsuit. (Order Awarding Attorneys' Fees Incurred In Defense of Anova Food, LLC, ECF No. 219).

Anova Food, LLC did not prevail on the most substantial claim in the case. It was unsuccessful on its claims seeking to recoup the money it contributed to the settlement of the Underlying Lawsuit. (Order Granting, In Part, and Denying, In Part, Defendant Anova Food LLC's Motion for Partial Summary Judgment at pp. 42-48, ECF No. 151). Anova Food, LLC also did not prevail on its counter-claim for bad faith. (Order Denying Counter-Claimant Anova Food, LLC's Bad Faith Claim, ECF No. 188).

As identified in the Findings and Recommendation, Anova Food, LLC was responsible for increasing its own attorneys' fees. Anova Food, LLC devoted numerous hours to repeating unsuccessful arguments and seeking reconsideration of issues after the District Court had ruled. (Findings and Recommendation at p. 13,

ECF No. 247; Minute Order Denying Anova LLC's Motion for Reconsideration dated August 31, 2016, ECF No. 187). The District Court had to request briefing on three separate occasions with respect to the outstanding attorneys' fees from the Zobrist Law Firm because Anova Food, LLC did not properly submit its billing records. (Order at p. 2, ECF No. 219).

The District Court agrees with the Findings and Recommendation that the lodestar amount be reduced by 50% considering the relationship between the fees requested and the extent of Anova Food, LLC's success in the action. Rowe, 472 So.2d at 1151.

### 3. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Id.

The general rule is that the relevant market for purposes of determining the reasonable hourly rate for attorney's services is the place where the case is filed. Holman v. Student Loan Xpress, Inc., 778 F.Supp.2d 1306, 1316 (M.D. Fla. 2011). The court is itself an expert on the question of attorneys' fees in its district and may consider its own knowledge and experience

concerning reasonable and proper fees. Id. at 1316.

The Magistrate Judge appropriately determined that $350 per hour is a reasonable rate for Mr. Neeleman, who has 31 years of experience. Tylor v. RealVoice LLC, Civ. No. 17-00293DWK-RLP, 2017 WL 5179796, *5 (D. Haw. Oct. 20, 2017) (finding $350 per hour was a reasonable rate for an attorney with 42 years experience); Honolulu Acad. of Arts v. Green, Civ. No. 15-00355 DKW-KSC, 2017 WL 1086224, *8 (D. Haw. Feb. 28, 2017) (finding a partner in a San Francisco law firm with 25 years experience was entitled to a reasonable rate of $325 per hour); Pelayo v. Platinum Limousine Srvs, Inc., Civ. No. 15-00023DKW-KJM, 2016 WL 5402185, *5 (D. Haw. Sept. 27, 2016) (finding $310 per hour was a reasonable rate for an attorney with 27 years experience).

### 4. Additional Fees for Deeley King Pang & Van Etten

On June 23, 2017, Anova Food, LLC filed its Motion for Attorneys' Fees and Costs. (ECF No. 224). Anova Food, LLC stated that the Hawaii law firm of Deeley King Pang & Van Etten worked as local counsel for a short period of time on the case. (Memo. In Support at pp. 12-13, ECF No. 225). Anova Food, LLC attached invoices for the firm of Deeley King Pang & Van Etten in the amount of $58,821.33. (Deeley King invoice total attached at p. 11, ECF No. 226-2).

Anova Food, LLC explained in its June 2017 Motion that Deeley King Pang & Van Etten agreed to reduce their $58,821.33 in billings by $33,821.33 for a total of $25,000 in total fees owed.

(Memo. In Support at p. 13, ECF No. 225; <u>see</u> Declaration of John Neeleman at ¶ 19, dated June 23, 2017, ECF No. 226).

Anova Food, LLC attached the "Final Invoice" from Deeley King Pang & Van Etten dated June 21, 2017 to its Motion. The Final Invoice states that the total legal fees payable to Deeley King Pang & Van Etten is $25,000.00. (Final Invoice at pp. 20-21, attached as Ex. B to Neeleman Decl., ECF No. 226-2).

Anova Food, LLC also attached the Declaration of lead attorney John Neeleman and the Declaration of Darren Zobrist, the President of Anova Food, LLC attesting that true and accurate copies of the invoices from Deeley King Pang & Van Etten were attached, which reflected a Final Invoice in the amount of $25,000. (Declaration of John Neeleman at ¶ 4, dated June 23, 2017, ECF No. 226; Declaration of Darren Zobrist at ¶¶ 7-8, dated June 23, 2017, ECF No. 228).

The Magistrate Judge recommended that Anova Food, LLC be awarded the $25,000 reflected on the Final Invoice for Deeley King Pang & Van Etten. The Magistrate Judge recommended awarding the fees despite the fact that "there are significant inconsistencies regarding the amount of fees requested in Anova LLC's filings for the work performed by Deeley King Pang & Van Etten." (Findings and Recommendation at p. 7, ECF No. 247). The Magistrate Judge recommended awarding fees to Deeley King Pang & Van Etten given that the firm agreed to reduce its fees. (<u>Id.</u> at pp. 7-8).

On October 13, 2017, nearly four months after it filed its

June 23, 2017 Motion for Attorneys' Fees, Anova Food, LLC changed its position.  In its October 13, 2017 Objection, Anova Food, LLC asserts that a number of billing invoices from Deeley King Pang & Van Etten "were inadvertently omitted" from its June 23, 2017 Motion for Attorneys' Fees.

Anova Food, LLC's Objection takes a wholly different position from its Motion.  It no longer asserts that Deeley King Pang & Van Etten is owed a total of $25,000 in fees as it previously requested.  Now, Anova Food, LLC asks the Court to award an additional $24,964.58 in fees for Deeley King Pang & Van Etten in addition to the $25,000 recommended by the Magistrate Judge.  (Objections at pp. 14-15, ECF No. 248).

Anova Food, LLC provides no explanation for its conflicting positions.  The invoices attached to the October 13, 2017 filings are dated between December 2014 and August 2015.  It is undisputed that these invoices were previously available and never submitted to the Court in Anova Food, LLC's June 23, 2017 Motion for Attorneys' Fees.

The submission of the additional billing invoices in October 2017 does not comply with the District of Hawaii Local Rules.  District of Hawaii Local Rule 54.3 sets forth the basis by which the court reviews requests for attorneys' fees.  A motion must be filed within 14 days of judgment being entered that includes an affidavit of counsel and an itemization of work performed and a description of services rendered.  District of Hawaii Local Rule 54.3(a), (d)(1)-(2), (e).  Anova Food, LLC's submission of

13

additional invoices is untimely.  There is no explanation why invoices were "inadvertently omitted."  The invoices could have been discovered and filed with reasonable diligence.  <u>Winterrowd v. Nelson</u>, 480 F.3d 1181, 1183 n.5 (9th Cir. 2007) (declining to consider previously available evidence on appeal); <u>Brodheim v. Cry</u>, 2008 WL 339710, *1 (E.D. Cal. Feb. 5, 2008) (explaining that a district court cannot adduce new evidence on appeal from a magistrate judge's order).

Contrary to Anova Food, LLC's new position, the record demonstrates that the firm of Deeley King Pang & Van Etten agreed to submit reduced billing requests with a final total invoice of $25,000. (Reply to Motion for Attorney Fees at p. 14, ECF No. 246; Final Invoice at pp. 20-21, attached as Ex. B to Neeleman Decl., ECF No. 226-2).

Plaintiff's Objections do not contain any information that requires a change in the Findings and Recommendation of the Magistrate Judge.

## CONCLUSION

Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation (ECF No. 248) are **OVERRULED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the "FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS" (ECF No. 247) is **ADOPTED AS THE OPINION AND ORDER OF THIS**

**COURT.**

IT IS SO ORDERED.

DATED: January 24, 2018, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

---

The Hanover Insurance Company; Massachusetts Bay Insurance Company v. Anova Food, LLC; Counterclaimant Anova Food, LLC v. Counter-Defendants The Hanover Insurance Company; Massachusetts Bay Insurance Company; Civ. No. 14-00281HG-RLP; **ORDER OVERRULING ANOVA FOOD, LLC'S OBJECTION TO FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (ECF No. 248) and ADOPTING THE MAGISTRATE JUDGE'S SEPTEMBER 29, 2017 FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART ANOVA FOOD, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (ECF No. 247)**

15